UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL TOWNSEND PEARSON, *et al.*,

                Plaintiffs,

v.

LEON RODRIGUEZ, Director, U.S.
Citizenship and Immigration Services, *et al.*

                Defendants.

Civil Case No. 15-00617 (TFH)

## MEMORANDUM OPINION

Plaintiffs Michael Townsend Pearson ("Mr. Pearson") and Eli Ivanova Pearson ("Ms. Pearson") seek judicial review of the United States Citizenship and Immigration Services' ("USCIS") denial of Mr. Pearson's Form I-130, Petition for Alien Relative, which he filed on behalf of his noncitizen spouse, Ms. Pearson. Pending before the Court is Defendants' Motion to Transfer Venue or, In the Alternative, to Dismiss the Complaint [ECF No. 4]. Plaintiffs oppose the motion [ECF No. 6]. Upon consideration of the parties' submissions and for the reasons provided below, the Court will grant the motion in part to the extent defendants seek to transfer venue to the Eastern District of Virginia. The Court, therefore, will not reach defendants' alternative motion to dismiss the Complaint.

**I.**

Plaintiffs' Complaint provides, in pertinent part, the following. Mr. Pearson, a U.S. citizen born in Virginia, and Ms. Pearson, a native of Bulgaria, married on December 20, 2011 in Virginia. Compl. ¶ 24. They have resided in Virginia ever since and are presently domiciled in Berryville, Virginia. *Id.* ¶¶ 24, 26. On February 17, 2012, Mr. Pearson filed with USCIS a Form I-130, Petition for Alien Relative, on behalf of Ms. Pearson. *Id.* ¶ 26. If approved, the I-130 Petition would have conferred "immediate relative status" to Ms. Pearson under the Immigration and Nationality Act, which would permit Ms. Pearson to apply for lawful permanent resident status and, eventually, U.S. citizenship. *Id.* ¶ 3. However, the Adam Walsh Act, which amended the Immigration and Nationality Act, prohibits the approval of I-130 Petitions filed by U.S. citizens who have been convicted of a "specified offense against a minor," unless the agency determines "in [its] sole and unreviewable discretion" that the U.S. citizen "poses no risk" to his or her noncitizen immediate relative. *Id.* ¶ 12.

On March 27, 2013, USCIS issued a decision denying the I-130 Petition because it found that Mr. Pearson's 1991 conviction for rape, in violation of Virginia Code § 18.2-61, constituted a "specified offense against a minor" and further found that Mr. Pearson failed to demonstrate that he posed no risk to the noncitizen beneficiary, Ms. Pearson. *Id.* ¶¶ 27, 29. The USCIS decision was affirmed on appeal by the Board of Immigration Appeals. *Id.* ¶ 13. Plaintiffs now seek judicial review of the USCIS decision. *Id.* ¶ 31.[1]

---

[1] Plaintiffs filed suit against Leon Rodriguez, Director, USCIS; Sarah Taylor, District Director, USCIS Washington, D.C. District Office; Kimberly J. Zanotti, Field Office Director, USCIS Washington Field Office; Jeh Charles Johnson, Secretary, Department of Homeland Security; Loretta Lynch, Attorney General, U.S. Department of Justice. *See* Compl. 1-2; Pls.' Opp. 4.

## II.

28 U.S.C. § 1404(a) provides, in pertinent part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) "place[s] discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The moving party bears the burden of establishing that the transfer of the action is proper. *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

The threshold inquiry under section 1404(a) is whether this action might have been brought in the Eastern District of Virginia. Under 28 U.S.C. § 1391(e), for a civil action in which a defendant is an officer or employee of the United States, venue is proper in any judicial district where (1) "a defendant in the action resides," (2) "a substantial part of the events or omissions giving rise to the claim occurred," or (3) "the plaintiff resides if no real property is involved in the action." Here, as defendants assert, plaintiffs' action could have been brought in the Eastern District of Virginia: Defendants Sarah Taylor and Kimberly J. Zanotti, respectively a USCIS District Director and USCIS Field Office Director, are based in Fairfax, Virginia and, thus, reside in the Eastern District of Virginia, *see Nestor v. Hershey*, 425 F.2d 504, 521 n.22 (D.C. Cir. 1969) ("Where a public official is a party to an action in his official capacity he resides in the judicial district where he maintains his official residence, that is where he performs his official duties."), and the events giving rise to plaintiffs' claims occurred in the Eastern District of Virginia—namely, Mr. Pearson's I-130 petition was adjudicated at the USCIS Washington office located in Fairfax, Virginia, and his appeal to the Board of Immigration

3

Appeals was decided in Falls Church, Virginia, *see* ECF Nos. 4-1 (USCIS decision), 4-2 (Board of Immigration Appeals decision).

Having determined that this action might have been brought in the Eastern District of Virginia, the Court must now determine whether this action should be transferred to that jurisdiction. In doing so, the Court must exercise "its broad discretion to balance case-specific factors related to the public interest of justice and the private interests of the parties and witnesses." *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32 (D.D.C. 2008) (citing *Stewart*, 487 U.S. at 29-30). "The private interest factors typically considered include: 1) the plaintiff's choice of forum, 2) the defendant's choice of forum, 3) where the claim arose, 4) the convenience of the parties, 5) the convenience of the witnesses, particularly if important witnesses may actually be unavailable to give live trial testimony in one of the districts, and 6) the ease of access to sources of proof." *Id.* at 32-33. "The public factors usually weighed in considering a motion to transfer include: 1) the transferee's familiarity with the governing laws, 2) the relative congestion of each court, and 3) the local interest in deciding local controversies at home." *Id.* at 33.

The first three private factors weigh in favor of transfer. As noted above, the challenged agency decision was adjudicated in defendants' choice forum, the Eastern District of Virginia. Furthermore, Plaintiffs were married and reside in Virginia and the basis of the agency's denial was Mr. Pearson's 1991 conviction in Virginia.[2] Although the Court ordinarily grants deference to plaintiffs' choice of forum, *Montgomery*, 532 F. Supp. 2d at 33, this deference is weakened where, as here, plaintiffs are not residents of the forum and most of the relevant events occurred elsewhere, *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 80 (D.D.C. 2009). Moreover, while plaintiffs

---

[2] Plaintiffs' domicile in Berryville, Virginia is located within the Western District of Virginia.

name as defendants certain high-level government officials with offices in the District of Columbia, the D.C. Circuit has cautioned that "[c]ourts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia[] [b]y naming high government officials as defendants." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Plaintiffs argue in their opposition to the motion to transfer that the USCIS policy underlying the agency's decision was issued by a senior official at USCIS headquarters, *see* Pls.' Opp. 4-5, but even if true, such "attenuated or insignificant involvement by an official in the District of Columbia does not support venue here," *Aftab*, 597 F. Supp. 2d at 82. Indeed, although plaintiffs generally allege in their Complaint that these high-level officials caused them harm, *see, e.g.,* Compl. ¶ 5, the Complaint does not suggest that these officials had an active or significant role in the matter and, at bottom, plaintiffs challenge an adverse agency decision made by the USCIS Washington Field Office in Fairfax, Virginia, *id.* ¶¶ 31-75; ECF No. 4-1 (USCIS decision); *see, e.g., Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 67 (D.D.C. 2003) (noting that "plaintiffs' choice of forum merits little deference [given, *inter alia*] . . . the lack of evidence that federal officials in this forum played 'an active or significant role' in the [challenged] decision").

      The final three private interest factors favor neither side given that the Eastern District of Virginia and the District of Columbia are located in close proximity to each other and that this case will likely be decided on an administrative record. *See Montgomery*, 532 F. Supp. 2d at 34 (concluding final three private interest factors favored neither side where "the geographic distance between the Eastern District of Virginia's courthouse in Alexandria and the District of Columbia is small and it is unlikely that a transfer would materially affect the convenience of the parties or witnesses, or the ability to obtain sources of proof.").

With respect to the public interest factors, the first two factors favor neither side where, as here, "this case involves the application of federal law, with which this Court and the Eastern District of Virginia are equally familiar, and the parties have presented the Court with no evidence regarding the relative congestion of the respective courts." *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 20 (D.D.C. 2008). However, the third public interest factor tends to weigh in favor of transfer given that the challenged agency decision was adjudicated in the Eastern District of Virginia—"[t]here is a local interest in having localized controversies decided at home," which extends "to controversies requiring judicial review of an administrative decision." *Sierra Club*, 276 F. Supp. at 70.

Accordingly, the Court concludes that the balance of public and private interests favors transfer of this case to the Eastern District of Virginia.

### III.

For the foregoing reasons, Defendants' Motion to Transfer Venue or, In the Alternative, to Dismiss the Complaint [ECF No. 4] will be granted in part to the extent defendants seek to transfer venue to the Eastern District of Virginia. Therefore, as noted above, the Court will not reach defendants' alternative motion to dismiss the Complaint. An appropriate order will accompany this memorandum opinion.

March 31st, 2016

_____
Thomas F. Hogan
Senior United States District Judge